UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**KEVIN FOSTER**,<br><br>*Defendant/Counterclaimant.* | Case No. 5:18-cv-01293-JFL<br><br>CIVIL ACTION<br><br>ANSWER, SEPARATE DEFENSES, COUNTERCLAIM<br>and<br>DEMAND FOR JURY TRIAL |

Defendant, KEVIN FOSTER, by way of Answer and Counterclaim to plaintiff's Amended Complaint, says:

INTRODUCTION

1. No factual allegations are alleged against defendant in paragraph 1 of the Amended Complaint which consists solely of legal conclusions. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint and leaves plaintiff to its proofs.

2. Defendant Denies the allegations contained in paragraph 2 of the Amended Complaint.

3. No factual allegations are alleged against defendant in paragraph 3 of the Amended Complaint which consists solely of legal conclusions. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 3 of the Amended Complaint and leaves plaintiff to its proofs.

Jurisdiction and Venue

4. No factual allegations are alleged against defendant in paragraph 4 of the Amended Complaint which consists solely of legal conclusions. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph

5. Defendant Admits residing in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 5 of the Amended Complaint and leaves plaintiff to its proofs.

6. No factual allegations are alleged against defendant in paragraph 6 of the Amended Complaint. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendant, defendant Admits that he resides in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 6 of the Amended Complaint and leaves plaintiff to its proofs.

7. Defendant Admits residing in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 7 of the Amended Complaint and leaves plaintiff to its proofs.

Parties

8. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 8 of the Amended Complaint and leaves plaintiff to its proofs.

9. Defendant Admits the allegations contained in paragraph 9 of the Amended Complaint.

Factual Backround

10. No factual allegations are alleged against defendant in paragraph 10 of the Amended Complaint. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph.

To the extent this paragraph contains factual allegations against defendant, defendant Admits that he resides in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 10 of the Amended Complaint and leaves plaintiff to its proofs.

11.     No factual allegations are alleged against defendant in paragraph 11 of the Amended Complaint.  As such, defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

12.     No factual allegations are alleged against defendant in paragraph 12 of the Amended Complaint.  As such, defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

13.     No factual allegations are alleged against defendant in paragraph 13 of the Amended Complaint.  As such, defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

14.     No factual allegations are alleged against defendant in paragraph 14 of the Amended Complaint.  As such, defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

15.     No factual allegations are alleged against defendant in paragraph 15 of the Amended Complaint.  As such, defendant is not obligated to Admit or Deny the allegations in this paragraph.  To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

16. No factual allegations are alleged against defendant in paragraph 16 of the Amended Complaint. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

17. Defendant Denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant Denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant Denies the allegations contained in paragraph 19 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

20. Defendant Denies the allegations contained in paragraph 19 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

21. Defendant Denies the allegations contained in paragraph 21 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

22. Defendant Denies the allegations contained in paragraph 22 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant.

Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

23. Defendant Denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant Denies the allegations contained in paragraph 24 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant or any connection to defendant's IP address. Defendant is without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Amended Complaint and leaves plaintiff to its proofs.

25. Defendant Denies the allegations contained in paragraph 25 of the Amended Complaint.

## Miscellaneous

26. No factual allegations are alleged against defendant in paragraph 26 of the Amended Complaint. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

27. No factual allegations are alleged against defendant in paragraph 27 of the Amended Complaint. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

## Count I

28. Defendant Denies the allegations contained in paragraphs 1-27 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant or

connection to defendant's IP address. Defendant is without sufficient information to form a belief as to the remaining allegations contained in these paragraphs of the Amended Complaint and leaves plaintiff to its proofs.

29. No factual allegations are alleged against defendant in paragraph 29 of the Amended Complaint. As such, defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against defendant, defendant Denies such allegations.

30. Defendant Denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant Denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant Denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant Denies the allegations contained in paragraph 33 of the Amended Complaint.

WHEREFORE, defendant demands that plaintiff's Amended Complaint against defendant be dismissed in its entirety with prejudice.

## SEPARATE DEFENSES

1. Defendant owed no duty to plaintiff since there is a question whether plaintiff actually owns or has exclusive right to the copyrights to the works remains in question, and whether plaintiff intentionally seeded the "honey pot" (or the market) with its digital files with the purpose of generating litigation.

2.      Failure to State a Claim Upon Which Relief Can Be Granted. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted in that the applicable statute of limitations has expired on plaintiff's works. In addition, plaintiff's Amended Complaint fails to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent swarm(s) and the IP address plaintiff asserts is related to defendant. As such, plaintiff's Amended Complaint fails to meet the pleadings standards established by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). Moreover, as plaintiff stated in its "Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," Internet Service Providers may maintain its IP address logs "for weeks or months; others are stored very briefly before being purged." ECF No. 4-2 at 1, n. 3 (citing Statement of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee on Judiciary Subcommittee on Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) (available at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf.) Plaintiff has no evidence showing that defendant was the account holder for IP address 207.172.191.190 during the alleged hits stated in Exhibit A annexed to the Amended Complaint.

3.      Any damage suffered by plaintiff was due to conduct of third parties or the co-defendants over whom defendant had no control, which conduct intervened and superseded any conduct or negligence of this defendant. Those other parties would be the actual person(s) other than this defendant who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims this defendant participated in.

4.      Laches. Plaintiff's claim is barred by the doctrine of laches as plaintiff made no attempt to enjoin the file-sharing practices of which it complains. Plaintiff's inaction or

ineffectiveness in preventing the practices of the users of BitTorrent websites, has allowed members of the public to justifiably assume that any such file-sharing was a completely legal practice. Plaintiff alleges that the file-sharing activity of plaintiff's copyrighted material in defendant's household began in November 1, 2015, and continued until February 8, 2018. However, plaintiff chose not to file its Complaint until March 27, 2018. Instead of acting anytime from November 2015 to February 2018 to stop the downloads, plaintiff decided to passively watch the IP address plaintiff alleges belonged to defendant until someone purportedly using that IP address downloaded a number of other works of plaintiff in order to seek higher statutory damages. Had plaintiff acted sooner, it could have curbed the alleged infringing activity anytime during those nearly two and a half (2½) years and could have deterred infringements. Plaintiff's delay in pursuing this suit led to additional alleged infringements. Plaintiff's delay and inaction was inexcusable and prejudicial to defendant and members of defendant's household.

5. Plaintiff's claim is barred by the doctrine of unclean hands since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

6. Plaintiff's claim is barred by the doctrine of estoppel since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

7. <u>Failure to Mitigate Damages</u>. Any damages suffered by plaintiff as a result of circumstances pled in plaintiff's Amended Complaint were the direct result of plaintiff's failure to take reasonable action to prevent damages, and by such failure, plaintiff failed to mitigate any

damages.  Plaintiff is aware that the individuals plaintiff pursues typically download multiple works.  However, plaintiff chose not to stop the infringement when it began;  but decided instead to wait until there were more alleged downloads.  Plaintiff alleges in this case that downloads of its materials took place from November 1, 2015, through January 2, 2016.  Plaintiff could have taken steps at the beginning to prevent future downloads, including, but not limited to, sending a DMCA notice through defendant's Internet Service Provider or filing its lawsuit more timely.  Instead, plaintiff chose to do nothing and watch and allow another fifty-one (51) alleged downloads to occur.  As a result, plaintiff inflicted greater damage upon itself, through its inaction and inexcusable delay

8. <u>Failure to Join An Indispensable Party</u>.  Plaintiff has failed to join parties without whom the action cannot proceed and defendant reserves the right to move to dismiss due to plaintiff's failure to join indispensable parties.  Those other parties would be the actual person(s) other than this defendant who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims this defendant participated in.

9. The contents of plaintiff's works are in the public domain since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

10. The copyrights to plaintiff's works were not properly registered.

11. Any copying or use of any of plaintiff's works by defendant was de minimis.

12. Any copying or use of any of plaintiff's works by defendant was fair use since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

13. Plaintiff has forfeited its rights in the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

14. Plaintiff has misused its rights of the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

15. Plaintiff has abandoned the copyrights of the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

16. On information and belief, plaintiff has received thousands of dollars in settlements from Doe defendants in similar cases for alleged copyright infringement in their participation in the BitTorrent swarm(s) in which plaintiff alleges defendant participated.  As a result, defendant is entitled to a set-off of all monies collected by plaintiff for the same works and alleged BitTorrent swarm(s) plaintiff alleges this defendant was a participant in which plaintiff has settled, or will settle in the future with other individuals.

**COUNTERCLAIM**

<u>FIRST COUNT</u>
(Declaratory Judgment of Non-Infringement)

1. Defendant/counterclaimant incorporates by reference all allegations made in his Affirmative Defenses to plaintiff's Amended Complaint.

2. There is an actual and justiciable controversy between the parties regarding alleged direct copyright infringements.

3. Internet service providers assign numerical Internet Protocol ("IP") addresses to, among other things, the routers used by Internet subscribers to access the network.

4. An IP address neither identifies the computer connecting to the router assigned that IP address, nor identifies the person using that computer, router or Internet connection.

5. Plaintiff's allegation that a given IP address was used for infringing acts is insufficient to support claims of infringement against defendant/counterclaimant.

6. Plaintiff has previously acknowledged that an IP address alone is insufficient to identify an infringer.

7. Defendant/counterclaimant has not infringed plaintiff's alleged copyrights listed in Exhibits A and B to plaintiff's Amended Complaint, and plaintiff cannot knowingly claim otherwise.

WHEREFORE, defendant/counterclaimant is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyrighted works.

SECOND COUNT
(Abuse of Process)

8. Defendant/counterclaimant incorporates by reference all foregoing allegations made in his Affirmative Defenses to the Amended Complaint and Counterclaims as if fully set forth herein.

9. Plaintiff made knowing misrepresentations in its Amended Complaint filed against defendant.

10. Plaintiff pleaded claims for copyright infringement despite knowing that an IP address alone is insufficient to identify an infringer. Plaintiff pleaded claims for statutory remedies despite knowing that those claims were likely unavailable.

11. In filing its Amended Complaint, plaintiff sought to use and did use lawfully issued process for an ulterior or illegitimate purpose in an attempt to obtain a result not intended by law, to wit: (1) to extract money from defendant/counterclaimant by leveraging the lawsuit as a form of public disparagement and humiliation; and (2) monetary damage relative to the expense of defending this frivolous action.

12. Plaintiff completed service on defendant on July 30, 2018.

13. Plaintiff willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.

14. Plaintiff intentionally failed to disclose and concealed pertinent and material information regarding plaintiff's knowledge of the falsity of certain claims and the ulterior or illegitimate purpose for which the Complaints were employed.

15. Specifically, plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

   a. Plaintiff instituted the original action without any genuine intent to proceed against defendant herein, but rather as a vehicle to obtain discovery of the identity and contact information of defendant and others;

   b. Plaintiff knows it has no basis for naming defendant/counterclaimant as the infringer, yet continues to assert the claims against him;

   c. Plaintiff assert its claims in order to influence the conduct of defendant in ways that are not related to the merits of its claims;

    d.       Plaintiff used the completed service to publicly shame defendant/counterclaimant; and

    e.       Plaintiff intends the current action to hang as a sword over defendant's head, to extort unwarranted payments to settle claims not supportable as a matter of law.

16.       Plaintiff's service of process facilitated these ulterior purposes.

17.       As a direct and proximate result of plaintiff's conduct, defendant/counterclaimant has been forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

18.       Plaintiff's actions were performed knowingly, intentionally and maliciously, by reason of which defendant is entitled to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial of which defendant is entitled to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial.

WHEREFORE, defendant/counterclaimant Kevin Foster demands judgment against Malibu Media, LLC, as follows:

    A.       That plaintiff take nothing by the complaint and that the same be dismissed with prejudice;

    B.       Declaring that defendant/counterclaimant is not liable for directly infringing plaintiff's copyright;

    C.       That plaintiff has misused its copyrights and that they should be invalidated;

    D.       Awarding defendant/counterclaimant his costs and reasonable attorneys' fees incurred this action;

    E.       Awarding defendant/counterclaimant all damages that he has sustained as a consequence of Malibu Media's acts complained of herein; and

  F.  Granting such other and further relief as the Court deems appropriate

             LESLIE A. FARBER, LLC
             Attorneys for Defendant/Counterclaimant

           By: /s/ Leslie A. Farber
Dated  September 19, 2018      Leslie A. Farber

## DEMAND FOR JURY TRIAL

Defendant/counterclaimant Kevin Foster demands a trial by jury as to all issues so triable.

             LESLIE A. FARBER, LLC
             Attorneys for Defendant/Counterclaimant

           By: /s/ Leslie A. Farber
Dated  September 19, 2018      Leslie A. Farber

## CERTIFICATION OF SERVICE

I hereby certify that on September 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service upon all parties who have appeared in the matter and upon all counsel of record has been perfected.

             /s/ Leslie A. Farber
Dated  September 19, 2018      Leslie A. Farber

## JURY DEMAND

Defendant/counterclaimant hereby demands a trial by jury on all issues so triable herein.

             LESLIE A. FARBER, LLC
             Attorneys for Defendant/counterclaimant

           By: /s/ Leslie A. Farber
Dated  September 19, 2018      Leslie A. Farber

CERTIFICATION OF SERVICE

    I hereby certify that on September 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service upon all parties who have appeared in the matter and upon all counsel of record has been perfected.

|  |  |
|---|---|
|  | /s/ Leslie A. Farber |
| Dated  September 19, 2018 | Leslie A. Farber |